IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Eastern Division

| In Re: | In Proceedings Under Chapter 7 |
|---|---|
| RODNEY MCFALL, | Case No.: 06-12205 |
| Debtor. | CHIEF JUDGE RANDOLPH BAXTER |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is the Debtor's Motion for Issuance of a Show Cause Order against Capital One Auto Finance in Contempt Proceeding for Violation of Automatic Stay. Capital One opposes the Motion. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this District. After considering the Debtor's Motion, Capital One's response, supplemental briefing by both parties and conducting a hearing, the Court rules as follows:

\*

The facts in this case are undisputed. Debtor filed a voluntary Chapter 7 petition on June 1, 2006. As part of his petition, Debtor listed a 1999 Dodge Durango with a lien held by Capital One Auto Finance. Debtor included Official Form 8 with his petition, Chapter 7 Individual Debtor's Statement of Intentions, and indicated with respect to the Dodge Durango that he would "retain collateral and continue to make regular payments." Debtor did not indicate whether he intended to reaffirm his debt with Capital One or redeem the vehicle, nor did Debtor ever reaffirm the debt or redeem the vehicle. Capital One repossessed the vehicle on July 13, 2003,

more than 30 days after Debtor stated his intention to retain the collateral and continue to make regular payments.

Debtor now asks the Court to impose sanctions on Capital One Finance for violating the automatic stay provisions when it repossessed the vehicle. Capital One opposes the Motion, stating that the automatic stay had terminated with respect to the vehicle because Debtor's statement of intention was deficient in that Debtor failed to specify whether he intended to redeem the vehicle or reaffirm the debt. The issue for the Court is whether, post-enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), a statement of intention that states only that a Debtor intends to retain collateral and make regular monthly payments without specifying reaffirmation or redemption complies with the requirements of 11 U.S.C. § 362(h)(1).

\*\*

The enactment of BAPCPA included a new § 362(h)(1), which states that:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)–
>
> > (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property . . .
> >
> > (B) to take timely the action specified in such statement, as it may be amended before the expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the

2

reaffirmation on such terms.

11 U.S.C. § 362(h)(1).

Prior to BAPCPA, 11 U.S.C. § 521(2)(A) required a debtor to file a statement of intention "with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." Several circuits interpreted the "if applicable language" to mean that debtors were not limited to the options in § 521, but had a fourth option, or "ride-through" option that allowed debtors to retain collateral without redemption or reaffirmation. *In re Belanger*, 962 F.2d 645 (4th Cir. 1992); *Price v. Delaware State Police Fed. Credit Union*, 370 F.3d 362 (3d Cir. 2004); *In re Parker*, 139 F.3d 668 (9th Cir. 1998), *cert. denied sub nom, McClellan Fed. Credit Union v. Parker* 525 U.S, 1041 (1998); *In re Boodrow*, 126 F.3d 43 (2d Cir. 1997), *cert. denied*, 522 U.S. 117 (1998); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543 (10th Cir. 1989). Although the Sixth Circuit has not expressly addressed the "ride-through" option, it has determined that a debtor could not redeem in installment payments because redemption by payment in full or reaffirmation were the only avenues of relief available. *In re Bell*, 700 F.2d 1053 (6th Cir. 1983).

Despite the decision in *Bell,* limiting debtors to redemption in full or reaffirmation in order to retain collateral, Debtor herein relies on the *Belanger* line of cases for the proposition that a debtor is not required to indicate redemption or reaffirmation in a statement of intention. Debtor argues that, because the new § 521(a)(2)(A) still contains the "if applicable" language, the *Belanger* line of cases is still good law and a debtor is therefore not required to specify redemption or reaffirmation.

3

Debtor's interpretation is clearly contrary to the clearly worded statutory language found in the new § 521(2)(a)(C), which states that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, *except as provided in section 362(h)*." (emphasis added). Section 362(h)(1)(A) clearly provides that the stay will terminate if a debtor fails to 1) timely file a statement of intention; 2) indicate in the statement whether debtor intends to retain or surrender collateral; and 3) if debtor intends to retain such collateral, whether debtor will redeem the collateral or reaffirm the debt. *United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001)([w]hen interpreting statutes, [t]he language of the statute is the starting point for our interpretation, and it should also be the ending point of the plain meaning of that language is clear.")(internal quotation omitted).

Every published bankruptcy court decision has similarly interpreted the plain language of § 362(h)(1(A) to require a debtor to state an intention to redeem or reaffirm. *See In re Donald*, 343 B.R, 524, 534 (Bankr.E.D.N.C. 2006)(holding that "the automatic stay shall terminate if the debtor is retaining property unless the debtor states the intention to either redeem the property or to reaffirm the debt."); *In re Boring*, 346 B.R. 178, 180 (Bankr.N.D.W.Va. 2006)("[w]hile the Debtor's statement of intention indicates that she intends to retain collateral, it does not indicate whether she intends to redeem the collateral or reaffirm the underlying obligation. The Debtor's failure to do so terminated the automatic stay."); *In re Steinhaus*, 349 B.R. 694, 702 (Bankr.D.Id. 2006)("Debtor's strategy of using . . . 'ride-through' language in their Form 8 results in termination of the automatic stay with respect to the vehicle collateral . . . because Debtors' statement did not propose either redemption or reaffirmation."); *In re Anderson*, 348 B.R. 652, 658 (Bankr.D.Del. 2006)("[n]ew section 362(h) provides that the stay will be terminated and the

4

collateral will no longer be property of the estate if the debtor fails to file and perform a statement of intention to surrender, redeem, reaffirm, or in the case of leased property, assume the unexpired lease."); *In re Craker*, 337 B.R. 549, 551 (Bankr.M.D.N.C. 2006)("Debtor was also required to indicate on her timely filed Statement of Intention that she was either surrendering or retaining the Vehicle and if retaining the Vehicle, that she was either redeeming the Vehicle or reaffirming the underlying debt. . . . Because the Debtor failed to indicate one of the options set forth in § 362(h)(1), the automatic stay terminated with regard to the Vehicle thirty days after the Petition Date."); *In re Rowe*, 342 B.R. 341, 346 (Bankr.D.Kan. 2006)("the BAPCPA revisions to the Code sections relating to the 'fourth option' provide unambiguous consequences if a chapter 7 debtor fails to enumerate in a statement of intention whether he or she plans to redeem, reaffirm or surrender: The automatic stay is terminated and the collateral at issue is no longer estate property.")

Having failed to comply with the requirements of § 362(h)(1(A), the stay terminated with respect to the subject vehicle 30 days after the Petition Date. Because Capital One repossessed the vehicle more than 30 days after the Petition Date, the stay was not in effect and it therefore did not violate the automatic stay.

\*\*\*

Accordingly, the Debtor's Motion for Issuance of a Show Cause Order against Capital One Auto Finance in Contempt Proceeding for Violation of Automatic Stay is not well-premised and is hereby denied. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this 22nd day of November 2006

JUDGE RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT